1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CARA ELNESS,                          No.  2:17-cv-02289-WBS-CKD

12                Plaintiff,

13        v.                               ORDER

14   SANGHA AND SONS, LLC, et al.,

15                Defendants.

16

17        Pending before the court is plaintiff's motion to compel discovery responses pursuant to

18   Local Rule 251(e) and request for sanctions pursuant to Federal Rule of Civil Procedure 37(d)(3).

19   (ECF No. 45.)  Defendant Sangha and Sons, LLC belatedly responded to the motion on June 4,

20   2019.  (ECF No. 48.)  This matter was heard on June 5, 2019 at 10:00 a.m., before the

21   undersigned.  Aaron Clefton appeared on behalf of plaintiff and Michael Welch appeared

22   telephonically on behalf of defendant Sangha and Sons, LLC.  Upon review of the documents in

23   support, upon hearing the arguments of counsel, and good cause appearing therefor, THE

24   COURT FINDS AS FOLLOWS:

25   I.        RELEVANT BACKGROUND

26        Plaintiff filed this action pursuant to the Americans with Disabilities Act on October 31,

27   2017.  (ECF No. 17.)  The matter was initially stayed, as the parties pursued settlement.  (ECF

28   No. 15.)  After unsuccessful settlement negotiations, the stay was lifted on December 4, 2018.

1    (ECF No. 35.)  Thereafter, the court granted plaintiff's motion to file an amended complaint,

2    which plaintiff filed on January 17, 2019.  (ECF Nos. 40, 41.)  On February 1, 2019, a pretrial

3    scheduling order was issued.  (ECF No. 43.)

4        On March 20, 2019, plaintiff served on defendant Sangha and Sons, LLC requests for

5    admission, requests for production of documents, and interrogatories, with responses due on April

6    22, 2019.  (ECF No. 45 at 3.)  On April 8, 2019, plaintiff served a deposition notice on defendant,

7    to depose the representative of Sangh and Sons, LLC on May 24, 2019.  (Id.)

8        Defendant did not respond to the written discovery requests by the deadline.  (ECF No. 45

9    at 3.)  When plaintiff reached out to defendant on April 30, 2019, eight days after the deadline,

10    defense counsel responded that plaintiff would receive responses "by the end of the week,"  i.e.,

11    Friday, May 3, 2019.  (Id.)  However, defendant failed to provide any response by that date.

12        On May 14, 2019, plaintiff sent another email to defense counsel stating that the responses

13    were overdue; they were necessary to prepare for the May 24, 2019 deposition; and that if

14    responses were not provided by noon on May 17, 2019, then plaintiff would file a motion to

15    compel, pursuant to Local Rule 251(e).  (ECF No. 45 at 3.)  On May 20, 2019, plaintiff filed the

16    pending motion, after receiving no response from defendant.  (Id.)

17        Defense counsel emailed plaintiff on May 27, 2019.  "The entirety of Defense counsel's

18    email stated 'on the way.'  Defense counsel did not email a courtesy copy of the responses nor did

19    he provide a date that the responses were or would be served by mail to Plaintiff's counsel."

20    (ECF No. 41 at 1-2.)

21        Defendant's response to the pending motion was due by May 29, 2019.  See E.D. Cal.

22    L.R. 251(e).  Defendant belatedly responded on June 4, 2019.  (ECF No. 48.)  According to

23    defense counsel, defendant has been uncooperative.  (Id. at 1.)

24    II.    <u>LEGAL STANDARDS</u>

25        Under the Federal Rules of Civil Procedure, a responding party must respond to written

26    discovery requests for documents and interrogatories within thirty days of being served.  See

27    Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).

28    ////

Pursuant to Federal Rule of Civil Procedure 37, "a party seeking discovery may move for an order compelling an answer [or] . . .production" if "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to produce documents . . . under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Such a failure is also grounds for the court to order sanctions against the party that has failed to act. See Fed. R. Civ. P. 37(d)(1)(A)(ii). The court has the authority to order "the party that failed to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure. . ." Fed. R. Civ. P. 37(d)(3).

As to requests for admission, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "A party requesting an admission may, if he feels the[] requirements [of Rule 36] have not been met, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted. Although the district court should ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed, this determination, like most involved in the oversight of discovery, is left to the sound discretion of the district judge." Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1247 (9th Cir. 1981).

III.   DISCUSSION

Plaintiff requests that the court deem the requests for admission admitted; order defendant to provide responses to the requests for production of documents and interrogatories within seven days; and sanction defendant, and its counsel, jointly and severally, $1,805.50 for the cost of bringing this motion. (ECF No. 45 at 4-5.)

Under the Local Rules, parties must normally engage in meet and confer efforts and file a joint statement with the court, before a discovery dispute will be heard. See E.D. Cal. L.R. 251. However, when there has been a "complete and total failure to respond to a discovery request" the court does not require a joint statement from the parties. E.D. Cal. L.R. 251(e).

Here, it is undisputed that defendant completely failed to respond to plaintiff's requests within the timeframe allowed under the Federal Rules of Civil Procedure. Defense counsel's only excuse is that defendant has been uncooperative and intransigent. Yet, defense counsel failed to

3

sufficiently engage in meet and confer efforts initiated by plaintiff. Client control issues do not relieve a counsel of his duty to effectively communicate with opposing counsel and comply with the rules of procedure. Moreover, defendant's failure to timely reply to the discovery motion foreclosures any argument in opposition.

Therefore, plaintiff is entitled to the reasonable fees and costs incurred in bringing this motion. The court finds that plaintiff's request for $1,805.50 in attorneys' fees and costs is reasonable. (See ECF Nos. 45-2, 45-8.) Additionally, since defendant has not provided any responses to the requests for admissions, there is no basis for ordering amended responses, and the matters are deemed admitted.

IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery responses and request for sanctions (ECF No. 45) is GRANTED.

2. Plaintiff's March 20, 2019 requests for admission sent to defendant Sangha and Sons, LLC are deemed admitted.

3. Within seven (7) days of this order, defendant Sangha and Sons, LLC shall serve responses to plaintiff's March 20, 2019 requests for production of documents and interrogatories.

4. Defendant Sangha and Sons, LLC, and its counsel, are sanctioned $1,805.50 for the cost of bringing this motion, to be paid as follows:

   a. Michael Welch shall pay $250.00; and

   b. Defendant Sangha and Sons, LLC shall pay the remainder, i.e., $1,555,50.

5. Sanctions shall be paid to plaintiff's counsel within fourteen (14) days of this order.

6. Within seven (7) days of this order, defense counsel shall file a motion to withdraw or a statement of no withdrawal.

Dated: June 7, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/Elness.17-2289.discovery order

4