UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARA ELNESS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SANGHA AND SONS, LLC, et al.,<br><br>　　　　　Defendants. | No.  2:17-cv-02289-WBS-CKD<br><br><br><br>ORDER |

Presently pending before the court is plaintiff Cara Elness' motion for an order finding defendant Sangha and Sons, LLC and its counsel in contempt of court. (ECF No. 53.) Defendant Sangha and Sons, LLC filed an untimely response to the motion and plaintiff replied. (ECF Nos. 56, 57.) This matter was heard on July 31, 2019 at 10:00 a.m., before the undersigned. Aaron Clefton appeared on behalf of plaintiff and Michael Welch appeared on behalf of defendant Sangha and Sons, LLC.  Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I.　　RELEVANT BACKGROUND

Plaintiff filed this action pursuant to the Americans with Disabilities Act on October 31, 2017. (ECF No. 17.) On March 20, 2019, plaintiff served on defendant Sangha and Sons, LLC requests for admission, requests for production of documents, and interrogatories, with responses

1

due on April 22, 2019. (ECF No. 45 at 3.) On April 8, 2019, plaintiff served a deposition notice on defendant, to depose the representative of Sangh and Sons, LLC on May 24, 2019. (Id.)

Defendant did not respond to the written discovery requests by the deadline. (ECF No. 45 at 3.) When plaintiff reached out to defendant on April 30, 2019, eight days after the deadline, defense counsel responded that plaintiff would receive responses "by the end of the week," i.e., Friday, May 3, 2019. (Id.) However, defendant failed to provide any response by that date.

On May 14, 2019, plaintiff sent another email to defense counsel stating that the responses were overdue; they were necessary to prepare for the May 24, 2019 deposition; and that if responses were not provided by noon on May 17, 2019, then plaintiff would file a motion to compel, pursuant to Local Rule 251(e). (ECF No. 45 at 3.) After receiving no response from defendant, plaintiff filed a motion to compel on May 20, 2019. (Id.)

Defendant did not oppose the motion. Yet, defense counsel indicated that "[d]efendant has been uncooperative in prosecuting this case." (ECF No. 48 at 1.) As a result, the court afforded defense counsel an opportunity to file a motion to withdraw, which defense counsel declined to do. (ECF No. 49.)

Then, after a hearing on June 5, 2019, the court granted plaintiff's motion to compel. (ECF No. 51.) Plaintiff's March 20, 2019 requests for admission were deemed admitted. (Id. at 4.) The court ordered that, by June 14, 2019, defendant provide discovery responses to plaintiff's March 20, 2019 requests for production and interrogatories and pay $1,805.50 in sanctions for the the cost of bringing the motion. (Id.)

Plaintiff did not receive any discovery responses or sanctions by June 14, 2019. (ECF No. 53 at 4.) Plaintiff's counsel emailed defense counsel on June 18, 2019, and "[d]efense counsel replied that he would provide the discovery responses by the 'end of the week' which Plaintiff understood to mean by June 21, 2019." (Id.) Neither responses nor sanctions were provided. "On June 26, 2019, defense counsel emailed Plaintiff's counsel stating, 'I have your documents. How do you want them organized[?] I have the interrogatory responses w/o objections w/verifications being typed up now. How do you want the sanctions check made out?'" (Id. at 4-5.) Plaintiff's counsel responded with instructions, but no response followed. (Id. at 5.)

On July 9, 2019, plaintiff's counsel emailed defense counsel, requesting responses and sanctions by July 12, 2019 at noon. (ECF No. 53 at 5.) Defense counsel indicated that they would be provided, but they were not. (Id.) On July 12, 2019, plaintiff filed the pending motion, setting the hearing for July 31, 2019. (Id.)

Defendant's response to the pending motion was due by July 24, 2019. See E.D. Local Rule 251(e). However, defendant did not provide a response until July 28, 2019. (ECF No. 56.) Defense counsel indicates that sanctions have been paid. (Id.) At the same time, defense counsel states that "[a]nswers to Plaintiff's Interrogatories and Document Production were initially prepared but were determined to b[e] incomplete or non-responsive and are being redone. Counsel would respectfully request that Defendants be allowed to provide the Discovery no later than August 10, 2019. The verified [response]s can be served by e-mail along with service by mail. This continues to be a difficult representation." (ECF No. 56 at 1-2.)

Plaintiff acknowledges that the sanctions have been paid, but requests that the court strike defendant's response to the motion as untimely. (ECF No. 57.) Plaintiff seeks an order finding defendant and its counsel in contempt of the court's June 12, 2019 order; a recommendation that default judgment be entered against defendant Sangha and Sons, LLC; and an order that defendant and its counsel pay $3,147.50 in sanctions for the cost of bringing this motion. (ECF Nos. 53 at 6-7; 57 at 4.)

## II. LEGAL STANDARDS

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders [including] . . . rendering a default judgment against the disobedient party; or treating as contempt of court the failure to obey any order." Fed. R. Civ. P. 37(b)(2)(A)(vi)-(vii). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

In a motion for civil contempt, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court.

The burden then shifts to the contemnors to demonstrate why they were unable to comply." F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999) (citing Stone v. City and County of San Francisco, 968 F.2d 850, 856 n. 9 (9th Cir.1992)). "[A] person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the [court's order]. Substantial compliance with the court order is a defense to civil contempt, and is not vitiated by a few technical violations where every reasonable effort has been made to comply." In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993) (internal citations and quotation marks omitted).

If a court imposes a contempt sanction "to punish past conduct, and . . . for a definite amount or period without regard to the contemnor's future conduct, it is criminal. If the sanction is intended to coerce the contemnor to comply with the court's orders in the future, and the sanction is conditioned upon continued noncompliance, it is civil." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1481 (9th Cir. 1992). "Civil contempt is designed to force the contemnor to comply with an order of the court." Willy v. Coastal Corp., 503 U.S. 131, 139 (1992).

III. DISCUSSION

The court is deeply troubled by defendant's numerous documented failures to timely comply with discovery requests and an order of the court. Indeed, the elements for a finding of civil contempt appear to be present here.

First, it is undisputed that defendant failed to comply with the court's June 7, 2019 order to produce discovery responses and pay sanctions. (ECF No. 51.) Defendant failed to produce either by June 14, 2019, as ordered.[1] Second, while defendant belatedly paid the sanctions, defendant has still not produced discovery responses. This conduct does not constitute substantial compliance with the court's order. Defendant asserts that the discovery responses were

---

[1] Further, defendant's response to the pending motion was untimely. Defendant and defense counsel have established a pattern of missing deadlines in this case. This conduct is unacceptable. The court has been patient and accommodating to date, but the court's patience wears thin. Defendant and defense counsel need to carefully follow future deadlines in this matter, or face further sanctions by this court.

4

incomplete and that is why they were withheld.  (ECF No. 56 at 1-2.)  However, at a minimum, defendant should have produced the incomplete responses by June 14, 2019, as ordered.  Third, there is no indication that defendant's failure to comply with the court's order was based on a good faith and reasonable interpretation of the order.  The court's June 7, 2019 order clearly directed defendant to serve responses by June 14, 2019.  (ECF No. 51 at 4.)

Nevertheless, the court finds that plaintiff's requested remedy is too severe at this juncture.  While defendant's continued failure to provide discovery has hampered plaintiff's ability to move this case toward resolution, the entry of default judgment for failure to follow an order is a drastic remedy that "is authorized only in 'extreme circumstances.'"  In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996) (citing United States v. Kahaluu Const., 857 F.2d 600, 603 (9th Cir.1988)); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992).  The court determines that defendant ought to be offered one final opportunity to get this case back on track.

Similarly, while the record appears to support a finding of civil contempt, the court finds that the court need not issue coercive sanctions at this time to ensure defendant's compliance.  Instead, defendant and defense counsel are admonished that any future failure to comply with a court order in this case may be grounds for a renewed motion for contempt or an entry of default judgment.

In lieu of a finding of contempt, defendant Sangha and Sons, LLC and defense counsel Michael Welch are ordered to pay for the cost of bringing this motion.  Fed. R. Civ. P. 37(b)(2)(C).  While Mr. Welch represented to the court that defendant has hampered efforts to move this case forward, Mr. Welch chose to remain as defense counsel after the court afforded him an opportunity to move to withdraw.  Thus, defendant and defense counsel are jointly and severally liable for these sanctions.  See Hyde & Drath v. Baker, 24 F.3d 1162, 1172 (9th Cir. 1994), as amended (July 25, 1994) ("the district court did not abuse its discretion in holding [the attorneys] liable for sanctions imposed on [their clients] for costs and expenses arising from their violations of the discovery orders").

////

IV. CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for an order finding defendant Sangha and Sons, LLC and its counsel in contempt of court (ECF No. 53) is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE.
2. **By August 2, 2019 at 12:00 p.m.**, defendant Sangha and Sons, LLC shall serve responses to plaintiff's March 20, 2019 requests for production of documents and interrogatories.
3. **By August 7, 2019**, defendant Sangha and Sons, LLC and its counsel Michael Welch shall pay plaintiff $3,147.50 for the cost of bringing this motion.
4. Any future failure to comply with a court order in this case by defendant Sangha and Sons, LLC or defense counsel Michael Welch may be grounds for a renewed motion for civil contempt or an entry of default judgment.

Dated: August 1, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14.Elness.17-2289.order contempt