UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARA ELNESS, | No. 2:17-cv-02289-WBS-CKD |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SANGHA AND SONS, LLC, et al., | |
| Defendants. | |

INTRODUCTION

Presently before the court is an order to show cause as to why additional sanctions should not be entered against defendants. (ECF No. 66.) For the reasons set forth below, the court recommends striking defendants' answer and entering a default.

BACKGROUND

Plaintiff filed the present action pursuant to the Americans with Disabilities Act (ADA) on October 31, 2017. (ECF No. 1.) The court subsequently ordered the action referred to the court's voluntary dispute resolution program. (ECF No. 15.) However, defendants unilaterally cancelled the mediation one business day before it was to take place. Later, on November 7, 2018, the parties participated in a settlement conference, but could not reach an agreement. Defense counsel then failed to appear for a follow up telephone conference the next week.

////

1

On March 20, 2019, plaintiff served on defendants requests for admission, requests for production of documents, and interrogatories, with responses due on April 22, 2019. (ECF No. 45.) On April 8, 2019, plaintiff served a deposition notice on defendants, to depose the representative of Sangh and Sons, LLC on May 24, 2019. (Id.) Defendants did not respond to the written discovery requests by the deadline. (Id.) When plaintiff reached out to defendants on April 30, 2019, eight days after the deadline, defense counsel responded that plaintiff would receive responses "by the end of the week," i.e., Friday, May 3, 2019. (Id.) However, defendants failed to provide any response by that date.

On May 14, 2019, plaintiff sent another email to defense counsel stating that the responses were overdue; they were necessary to prepare for the May 24, 2019 deposition; and that if responses were not provided by noon on May 17, 2019, then plaintiff would file a motion to compel, pursuant to Local Rule 251(e). (ECF No. 45.) On May 20, 2019, plaintiff filed a motion to compel, after receiving no response from defendant. (Id.)

On June 7, 2019, the court ordered defendants and their counsel to respond to discovery by June 14, 2019 and to pay sanctions to plaintiff. (ECF No. 51.) Defendants still had not responded to discovery by July 12, 2019, prompting plaintiff to file a motion for contempt on that date. On August 1, 2019, the court, for the second time, ordered defendants to respond to plaintiff's discovery requests within a week and imposed additional monetary sanctions against defendants and counsel. (ECF No. 60.)

Following a status conference held on August 21, 2019, the court found that defendants' counsel paid his portion of the sanctions, but defendants had not paid any money to satisfy the sanctions imposed against them. (ECF No. 66.) Additionally, plaintiff's counsel represented that defendants had still not complied with the court's order to respond to discovery. (Id.)

Accordingly, on August 23, 2019, the court issued an order to show cause allowing defendants fourteen days to address why the court should not impose additional sanctions, including striking defendants' answer and entering default, due to defendants' failure to comply with the court's prior order. (ECF No. 66.) Defendants have not responded to this show cause order. However, on August 20, 2019, defendants' counsel filed a motion to withdraw from this

matter. The court granted this motion (ECF No. 71), but ordered that counsel provide plaintiff with defendants' contact information and file a declaration with the court affirming that counsel provided defendants a copy of the previously mentioned order to show cause. (ECF Nos. 66, 70.) Counsel subsequently filed a certificate of service confirming that defendants were given a copy of the court's order to show cause. (ECF No. 69.)

DISCUSSION

District courts are to consider five factors before dismissing a case or declaring a default: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990) (quoting Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.1987)).

When a court order is violated the first two factors favor default, while the fourth factor weighs against the sanction. Id. Therefore, the key factors are prejudice and the availability of lesser sanctions. Id.

Delay alone will not justify default. Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). "Failure to produce documents as ordered, however, is considered sufficient prejudice." Adriana Int'l Corp., 913 F.2d at 1412. Here, defendants' refusal to comply with court orders and failure to respond to discovery precludes plaintiff from adjudicating her claims on the merits. Therefore, even though some prejudice to the defendants obviously exists, it is of their own making. This factor is neutral.

The remaining factor, the availability of less drastic sanctions, favors default. Defendants have already been ordered to pay monetary sanctions, yet have failed to do so, and have been ordered to respond to discovery, but have failed to comply. Additionally, defendants were given the opportunity to show cause as to why additional sanctions should not be entered but failed to respond. Therefore, any other sanction imposed by the court would likely be an exercise in futility.

////

Given the history of the case outlined above, and defendants' failure to comply with prior sanctions, the court finds that no less drastic sanctions than striking defendants' answer and entering a default would be effective.

Accordingly, it is hereby RECOMMENDED:

1. Defendants' answer (ECF No. 44) be stricken.

2. Default be entered against defendants and in favor of plaintiff Cara Elness.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 2, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.2289