UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CARA ELNESS,<br><br>    Plaintiff,<br><br>    v.<br><br>SANGHA AND SONS, LLC, dba QUALITY INN & SUITES CAMERON PARK; AMARJIT SINGH SANGHA aka "ADAM"; and DOES 1-10, INCLUSIVE,<br><br>    Defendants. | No. 2:17-cv-02289 WBS CKD<br><br>ORDER RE: MOTION FOR SUMMARY JUDGMENT |

----oo0oo----

    Plaintiff Cara Elness brought this action against Sangha & Sons, LLC and Amarjit Singh Sangha (collectively "defendants") after allegedly encountering access barriers at Quality Inn & Suites Cameron Park ("Quality Inn") in June 2017. (First Am. Compl. ("FAC") (Docket No. 41).) Plaintiff now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Mot. (Docket No. 76).)

    Plaintiff is disabled and uses a cane or walker to ease

her mobility. (Decl. of Cara Elness ("Elness Decl.") ¶ 2 (Docket No. 76-3).) Despite her physical limitations, she tries to take an annual trip to Lake Tahoe to view the wildflowers in Highland Meadow with her friend, Marjorie Tichenor. (Id. ¶ 4.) In June 2017, plaintiff and Tichenor attempted to stay at Quality Inn after Tichenor was told they had accessible rooms available. (Id. ¶ 6.) When they arrived at the motel, plaintiff encountered access barriers in the parking lot, an obstructed path of travel from the parking lot to the lobby, and further access barriers in the lobby. (Id. ¶¶ 7-8.) She was then told the motel did not have any accessible rooms available and was "shoo"-ed away by the motel's manager and owner, Amarjit Singh Sangha. (Id. ¶¶ 8-10.) Plaintiff left immediately and was deterred from returning in 2018 and 2019. (Id. ¶¶ 11, 14.) Plaintiff now seeks a permanent injunction to remove the access barriers she personally encountered under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and asks the court for $12,000 in statutory damages under California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 et seq.[1] (Mot. at 24.)

Plaintiff is entitled to injunctive relief based on the undisputed facts and defendants' uncontested liability. Under the ADA, "injunctive relief shall include an order to alter

---

[1] Under California Civil Code § 52(a), "[w]hoever denies . . . or makes any discrimination or distinction contrary to [the Unruh Civil Rights Act] is liable for each and every offense . . . in no case less than four thousand dollars." Cal. Civ. Code § 52(a). Plaintiff requests $4,000 for the barriers she encountered in 2017 and $4,000 for each time she was deterred from returning to Quality Inn in 2018 and 2019, for a total of $12,000. (Mot. at 24.)

2

facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2). Accordingly, the court will order defendants to remediate the barriers to access plaintiff encountered as requested in her motion for summary judgment.

Any violation of the ADA is a per se violation of the Unruh Act. Cal. Civ. Code § 51(f). Under the Unruh Act, defendants are liable for the statutory minimum of $4,000 "for each and every offense." Cal. Civ. Code § 52(a). Plaintiff requests $4,000 for the barriers she encountered in 2017, and defendants do not dispute that she is entitled to this amount. (Non-Opp. at 1 (Docket No. 77).) Accordingly, the court will award her $4,000 for the barriers she encountered on her visit to Quality Inn.

Although defendants do not dispute that plaintiff is entitled to the statutory damages for the first visit, they do dispute plaintiff's claim that she is entitled to an additional $8,000 for the two times she was allegedly deterred from returning to Quality Inn in 2018 and 2019. (Mot. at 24.) In defendants' "Statement of Non-Opposition with One Exception" to plaintiff's summary judgment motion, they argue Elness's declaration is "internally inconsistent" such that it creates a disputed issue of material fact that should preclude the court from finding that plaintiff was deterred from patronizing the Quality Inn in 2018 and 2019. (Non-Opp. at 1.) Consequently, they seek to limit plaintiff's recovery of statutory damages to the $4,000 for her visit. (Id. at 2.)

Defendants submit no evidence to refute plaintiff's

3

sworn declaration that she would have stayed at the Quality Inn in 2018 and 2019 but for the access barriers she encountered. Instead, defendants rely on carefully selected excerpts of plaintiff's declaration. (Id. at 2.) When he began representing defendants, defendants' counsel was provided with all previously served discovery and was invited to conduct his own.[2] (Mot., Ex. 3 (Docket No. 76-1).) He neglected to do so. While defendants now oppose awarding an additional $8,000 for deterrence, they portions of plaintiff's sworn declaration out of context to create a disputed issue of material fact. See Fed. R. Civ. P. 56(e). In light of plaintiff's unrefuted evidence, she is entitled to recover $4,000 for each year she was deterred from returning to the property. Accordingly, plaintiff is entitled to an additional $8,000, and the court will award her $12,000 total in statutory damages.[3]

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment (Docket No. 76) be, and the same thereby is, GRANTED, and defendants are hereby ORDERED to remediate the barriers to access which plaintiff encountered by: (1) bringing the noncompliant accessible parking space into compliance with the ADA; (2) removing obstructions in the path of travel from the parking lot to the lobby; (3) removing noncompliant elements of

---

[2] Defendants' previous counsel withdrew from representing defendants on September 25, 2019. (Docket No. 71.) Defendants informed the court they had retained their current counsel on October 24, 2019. (Docket No. 74.)

[3] Plaintiff agreed to waive any other damages to which she may be entitled for purposes of summary judgment. (Elness Decl. ¶ 15.)

4

the mobility accessible room (Number 111); and (4) modifying additional rooms to ensure the property has the minimum number of accessible rooms required by law.  Defendants are FURTHER ORDERED to pay minimum statutory damages in the amount of $12,000 to plaintiff for violations of the Unruh Act.

The Clerk shall enter judgment in accordance with this Order.

Dated:  March 30, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE